### THE GEORGE S. TICE.

### THE VICTOR T. KELLY.

District Court, E. D. New York. May 2, 1928.

Macklin, Brown, Lenahan & Speer and R. F. Lenahan, all of New York City, for the Victor T. Kelly.

Park, Mattison & Lynch and Anthony V. Lynch, Jr., all of New York City, for the George S. Tice.

INCH, District Judge. The Metropolitan Securities Corporation, owner of the steam tug Victor T. Kelly, sued the steam tug George S. Tice, claiming that the Kelly had been injured by the Tice.

The Tice Towing Line, owners of the steam tug George S. Tice, has sued the steam tug Victor T. Kelly, claiming that the Kelly had injured the Tice.

The facts being the same in both cases, they were by stipulation duly tried together.

The facts are that on December 19, 1922, about 12 o'clock, Captain Anderson, an experienced navigator, was in charge of the Kelly, and was in the slip, between Thirtieth and Thirty-First streets, Brooklyn. He had there picked up a barge, lying in the slip, taking it on his portside. He then proceeded to go out of the slip, under one bell, and blew one long blast slip whistle. This blast he sounded for about a minute. During that time he was traveling about 300 feet. Pier 30 is a covered pier, with the exception of about 15 feet, at the river end. The tide was ebb. As he emerged, he saw the steam tug George S. Tice close to the end of the pier, and heading for it. He then did the only thing possible, it being too late to stop his headway, and, accordingly, the only chance open to him to possibly prevent the collision was to put his wheel hard to starboard, and, with full speed ahead, attempt to "kick" the Kelly over and out of the way. The collision occurred before he could execute such a maneuver.

The Tice ran into the Kelly, about 35 feet from the bow, on the starboard side. At the time of the collision the Kelly had not entirely gotten out from the slip. Her stern was still in the slip.

The Tice was also in charge of an experienced pilot, and had come down the river for water with the intention of going in between Twenty-Ninth and Thirtieth street, where there was a water hydrant. She was running light, and had come down at full speed as far as Twenty-Sixth street, at which place her captain says he slowed down. When he came to this slip between Twenty-Ninth and Thirtieth streets, into which he had intended to go, he found the whole slip so congested with boats that he decided not to go in. He then sheered a little, intending to go in between Thirtieth and Thirty-First streets, and says he blew an alarm whistle. He also says that he heard a whistle sounded from some other vessel, but that he thought that it was some one blowing for a deck hand.

There is no use of narrating all the testimony, for there is no question in my mind that the Tice was extremely careless. These slips are busy slips, particularly at this time of the day. To place the Tice where she was placed, without any more regard for others

than was shown, was to invite a collision should some tug be coming out of pier 31.

The Tice should have stopped entirely, or opened up the slip in a safe manner before attempting to go in, even if this did necessitate a longer maneuver. The captain of the Kelly did all he could. The shed hid the Tice from the Kelly until it was too late. The Tice had no business where she was, and the prompt action of the master of the Kelly avoided an even more serious accident.

Tugs thus creeping along the ends of busy slips of this harbor must take the chance of something coming out, and it was as unnecessary to do so in this case as it was careless.

The libel of the Tice Towing Line is dismissed, and a decree for the Metropolitan Securities Corporation is granted.